**IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION**

| | | |
|---|---|---|
| **DYNETTA COLE,** | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 22-cv-3248** |
| | ) | |
| **ILLINOIS DEPARTMENT OF** | ) | |
| **HEALTHCARE AND FAMILY SERVICES,** | ) | |
| **Defendant.** | ) | |

## OPINION

The facts of this case are straightforward. Plaintiff wanted to work her part-time job from home during the height of the COVID-19 global pandemic. Her employer had a simple policy: any employee in Plaintiff's department could work from home if they had both a personal laptop compatible with the department's software and serviceable Wi-Fi. Plaintiff did not have a working laptop. As such, she was instructed to work in-person at her office. Plaintiff requested, many times, to be provided a laptop so she could work from home. Each time, Plaintiff was informed that her department did not have the resources to provide her, or any other employee in her department, with a laptop. Soon thereafter, Plaintiff obtained a personal laptop and began working from home. The central question before the Court is whether the act of denying an employee a laptop to work remotely between June 29, 2020 (the day Plaintiff was expected to return to work in-person) and August 21, 2020 (the day Plaintiff obtained a personal laptop) constitutes actionable discrimination. Before the Court is Illinois Department of Healthcare and Family Services' ("Defendant") Motion to Dismiss Plaintiff's Complaint pursuant to

Federal Rule of Civil Procedure 12(b)(6). (Doc. 13). For the reasons set forth below, Defendant's Motion to Dismiss is **GRANTED**.

## I.      PROCEDURAL BACKGROUND

On November 18, 2022, Plaintiff filed her pro se Complaint using a pre-printed Complaint form. (Doc. 1). Therein, Plaintiff checked boxes indicating Defendant discriminated against her based on her disabilities under the Americans with Disabilities Act (ADA), national origin under Title VII, race under Title VII and § 1981, use of leave protected by the Family and Medical Leave Act (FMLA), absences protected by Illinois' Victim Economic Security and Safety Act (VESSA), and § 1983. (Doc. 1 at 2.).

On March 31, 2023, Defendant filed its Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6). (Doc. 13). Defendant moves for dismissal, arguing: (1) Plaintiff has failed to plead a "disability" as defined by the ADA; (2) Plaintiff's claims of discrimination based on race and national origin are barred because those claims were not included in Plaintiff's EEOC charge; (3) Sovereign immunity bars Plaintiff' § 1983 and § 1981 claims; (4) Plaintiff's FMLA claim is barred by the 2-year statute of limitations; and (5) Plaintiff's VESSA claim is barred as it must be filed with the Illinois Department of Labor ("IDOL") per 820 ILCS 180/35. (*See id.*). On April 14, 2023, Plaintiff filed her Response to Defendant's Motion to Dismiss. (Doc. 15). Plaintiff's Response primarily comprises the text of several statutes Plaintiff believes are relevant to the proceedings.

## II.      FACTUAL BACKGROUND

Plaintiff is employed by Defendant as a Child Support Specialist I and has been employed there since June 16, 2017. (Doc. 1 at 13). On April 14, 2018, Plaintiff was injured

in a domestic violence incident which she alleges caused her to suffer health problems, including depression, anxiety, hypertension, nasal septal deviation, and headaches. (*Id*.). Plaintiff's doctor requested that she be placed on a four-hour weekday schedule because of these medical concerns. (*Id*. at 14). Defendant granted this request and Plaintiff began working a four-hour workday beginning on June 18, 2019. (*Id*.).

In March of 2020, due to the COVID-19 global pandemic, employees of the Illinois Department of Health and Family Services ("IDHFS") were directed not to report to work until otherwise instructed. On June 25, 2020, Plaintiff was informed that she was to report to the office for work effective June 29, 2020. (*Id*. at 18). Also on June 25, 2020, Plaintiff requested an accommodation for health issues, seeking either a laptop to work from home or that her work location be reconfigured to avoid working in close proximity to her co-workers. (*Id*. at 15). Plaintiff received a response indicating that laptops were not available for her department and that she was still expected to work in-person. (Doc. 1 at 15). On August 21, 2020, Plaintiff obtained a personal laptop and began working from home. (*Id*. at 13).

On April 20, 2021, Plaintiff filed a charge with the Illinois Department of Human Rights ("IDHR") and the Equal Employment Opportunity Commission ("EEOC") alleging she was discriminated against on the basis of her disability. (*See id*. at 12-21). On November 19, 2021, Plaintiff was notified that there was not substantial evidence to support the allegations of her discrimination charge. (*Id*. at 8). On August, 22, 2022, Plaintiff received her EEOC notice of right to sue letter. (*Id*. at 6).

On November 18, 2022, Plaintiff filed a pre-printed complaint form, marking the boxes that Defendant allegedly discriminated against her on the basis of her national origin and race, in violation of Title VII of the Civil Rights Act, and further discriminated against her on the basis of her race in violation of 42 U.S.C. § 1981. (Doc. 1). In particular, Plaintiff alleges Defendant intentionally discriminated against her by failing to promote Plaintiff; failing to stop harassment; failing to reasonably accommodate Plaintiff's disabilities; retaliating against Plaintiff; and coercing, intimidating, threatening, or interfering with Plaintiff's exercise or enjoyment of rights. (*Id.* at 1-3). She also alleges that Defendant intentionally discriminated against her with respect to compensation, terms, conditions, or privileges of employment. (*See id.*).

In the "facts" section of the form, Plaintiff lists a number of health issues. (*Id.* at 4). Plaintiff makes general statements that Defendant "continue[s] to retaliate against me;" that she filed a complaint with the Department of Labor "because of what they did to me and continue to do;" and "they have been dishonest and cruel to cover up their treatment of me." (*Id.*). Plaintiff seeks appropriate injunctive relief, lost wages, liquidated/double damages, front pay, compensatory damages, punitive damages, prejudgment interest, post-judgment interest, and costs, including reasonable attorney's fees and expert witness fees. (*Id.* at 5).

Plaintiff attaches various documents to her Complaint, including the EEOC right to sue letter, the charge of discrimination filed with the Illinois Department of Human Rights ("IDHR"), and IDHR's investigation report. (*Id.* at 6-28). The investigation report indicates that it was a department-wide policy that, while the department could not

provide laptops, all employees could work from home if they had their own personal laptop. (*Id.*). It also reports that at all times, the department had COVID-19 health and safety protocols in place to help prevent the spread of COVID-19 between employees in the office. (*See id.*).

## III.   LEGAL STANDARD

A Rule 12(b)(6) motion challenges the sufficiency of the complaint. *Christensen v. Cnty. of Boone, Ill.*, 483 F.3d 454, 458 (7th Cir. 2007). To state a claim for relief, a plaintiff need only provide a short and plain statement of the claim showing she is entitled to relief and giving the defendants fair notice of the claims. *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008). The court "construe[s] the complaint in the light most favorable to the plaintiff, accepting as true all well-pleaded facts alleged, and drawing all possible inferences in [her] favor." *Id.* A plausible claim is one that alleges factual content from which the court can reasonably infer that the defendants are liable for the misconduct alleged. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009). Merely reciting the elements of a cause of action or supporting claims with conclusory statements is insufficient to state a cause of action. *Id.* Additionally, complaints filed pro se are construed liberally and held to a less stringent standard than those formal pleadings drafted by lawyers. *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015).

## IV.   ANALYSIS

In its Motion to Dismiss, Defendant argues: (1) Plaintiff failed to plead a "disability" as defined by the ADA; (2) Plaintiff alleged claims that were not included in the EEOC charge; (3) sovereign immunity bars Plaintiff' § 1983 and § 1981 claims; (4)

Plaintiff's FMLA claim is barred by the 2-year statute of limitations; and (5) Plaintiff's VESSA claim is barred as it must be filed with IDOL per 820 ILCS 180/35. (*See* Doc. 13).

**A. ADA**

Defendant contends that while Plaintiff listed several medical conditions in her Complaint, the conditions are not sufficient to plead a disability under the ADA. To state a claim for failure to reasonably accommodate under the ADA, a plaintiff must allege that (1) she is disabled; (2) she is otherwise qualified to perform the essential functions of her job with or without reasonable accommodation; and (3) her employer took an adverse job action against her because of her disability or without making a reasonable accommodation for it. *Winsley v. Cook County*, 563 F.3d 598, 603 (7th Cir. 2009). Defendant argues Plaintiff's claim fails the first prong of the test – that she is not an individual with a disability within the meaning of the ADA.

Plaintiff states she suffers from depressive disorder, panic disorder, post-traumatic stress, insomnia due to mental disorder, diabetes, anxiety, high blood pressure, pseudo seizures, severe migraines, sinusitis, sleep disorder apnea, concussion, dental issues, loss of feeling on side of jaw, and bleeding issues. To establish that an impairment constitutes a disability, the Plaintiff must show that it "substantially limits the ability of an individual to perform a major life activity as compared to most people in the general population. An impairment need not prevent, or significantly or severely restrict, the individual from performing a major life activity in order to be considered substantially limiting." 29 C.F.R. § 1630.2(j)(1)(ii). However, not every impairment constitutes a disability. *See id.; see also Powers v. USF Holland, Inc.*, 667 F.3d 815, 819 (7th Cir. 2011)

(noting that "[m]erely having a physical injury or a medical condition is not enough" for a plaintiff to be considered disabled under the ADA). Major life activities include performing manual tasks, learning, concentrating, thinking, communicating,   and working. 42 U.S.C. § 12102(2)(A). A major life activity also includes the operation of major bodily function, including neurological and brain function. 42 U.S.C. § 12102(2)(B).

In this case, to satisfy the ADA's disability requirement, Plaintiff must demonstrate that the effects of her stated medical conditions result in substantial impairment of a major life activity. 29 C.F.R. § 1630.2(j)(1)(ii). While Plaintiff has identified a number of medical conditions, she has failed to set forth sufficiently detailed facts to plausibly allege that her proffered conditions of disability substantially affect one of her major life activities, thereby showing she is disabled. To be clear, at this stage, the Court does not take a position as to whether Plaintiff's stated medical conditions do or do not substantially affect any of her major life activities.

### B. Plaintiff's Remaining Claims

A complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." *See* Fed. R. Civ. P. 8(a)(2). A complaint fails to state a claim on which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Although detailed factual allegations are not required, Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

As stated above, Plaintiff checked the boxes on her pre-printed form Complaint indicating Defendant discriminated against her based on national origin under Title VII and race under Title VII and § 1981. Plaintiff also checked the boxes for discrimination of her rights under FMLA, VESSA, and § 1983. Despite checking the boxes, Plaintiff fails to elaborate on these claims anywhere in her Complaint. When instructed to briefly state the essential facts of her claims, Plaintiff failed to include any factual details of the alleged discrimination based on her race or national origin.

Attached to the Complaint are a number of exhibits totaling 438 pages. These documents include Plaintiff's EEOC right to sue letter, IDHR charge and investigative report, a blank IDHR Request for Review, various medical records, and a number of emails exchanged between Plaintiff and her superiors at her place of employment. However, apart from Plaintiff's failure-to-accommodate claim, which necessitated the Court's scrutiny of the attached IDHR report, Plaintiff did not assert a single short and plain statement with regard to any of the aforementioned claims of discrimination.

Even when affording Plaintiff's Complaint the most favorable interpretation, the Court concludes the Complaint and exhibits do not comply with Rule 8. The allegations do not provide sufficient notice of Plaintiff's claims to Defendant. While pro se complaints are construed liberally and held to a less stringent standard than those formal pleadings drafted by lawyers, *Perez*, 792 F.3d at 776, simply checking a box for various claims of discrimination, without any additional information relating to those claims, is not enough to state a claim for relief. *See Small v. Endicott*, 998 F.2d 411, 417 (7th Cir. 1993) (although the court has an obligation to construe the pleadings of a pro se litigant

liberally, the court "is not required to construct a party's legal arguments for him."); *see also Graham v. Healthplex*, 2021 U.S. Dist. LEXIS 86193, at *5 (S.D. Ind. Mar. 29, 2021) ("[S]imply checking wholly uncontextualized checkboxes on a pro se complaint form alleging race or color discrimination or retaliation, without naming a single fact to support the checked boxes, is insufficient to state a claim."). Accordingly, the Court dismisses these claims.

Even if the Court were to find Plaintiff alleged sufficient facts to support her race and national origin claims under Title VII and § 1981, these claims still cannot proceed. A party cannot bring claims in federal court that were not included in their EEOC charge, unless the claims in the suit are reasonably related to, or can be inferred from, the allegations in the charge. *Cheek v. Western and Southern Life Ins. Co.*, 31 F.3d 497, 500 (7th Cir. 1994). Here, Plaintiff's EEOC charge only includes her claim of discrimination by Defendant due to her alleged disability. Nothing in her EEOC charge relates to her claims of discrimination based on race or national origin, nor do those claims reasonably relate to her claim of failure to accommodate.

As it relates to Plaintiff's § 1983 claim, Defendant contends that it has absolute immunity. It is a well-established that a State is not susceptible to suit in federal pursuant to the Eleventh Amendment. This immunity may be abrogated only by direct approval by Congress, consent of the State, or to stop an ongoing civil rights violation under certain circumstances. *See Quern v. Jordan*, 440 U.S. 332, 59 L. Ed. 2d 358, 99 S. Ct. 1139 (1979). The passage of § 1983 did not abrogate the State's historical immunity. *See Quern*, 440 U.S. at 340. "The Supreme Court long ago dispelled the notion that section 1983 abrogated the

states' eleventh amendment immunity, and suits filed under the statute must still pay heed to the eleventh amendment." *Kroll v. Board of Trustees*, 934 F.2d 904, 908 (7th Cir. 1991). Absent an unequivocal abrogation by Congress, a State is immune to suit in federal court only if the State has specifically waived its sovereign immunity which did not occur in this case. *See Kroll*, 934 F.2d at 906. Because Illinois Department of Healthcare and Family Services is a state agency, Plaintiff's § 1983 is barred by the Eleventh Amendment and hereby dismissed. Further, Plaintiff's § 1981 claim is also dismissed as Section 1983 provides the exclusive remedy for violations of 42 U.S.C.A. § 1981 committed by state actors. *Campbell v. Forest Preserve District*, 752 F.3d 665, 671 (7th Cir. 2014).

Finally, there is no private right of action under VESSA. *See* 820 ILCS 180/35. The proper avenue for relief is for employees to file a complaint with IDOL. As such, Plaintiff's VESSA claim is also dismissed.

## V.    CONCLUSION

For the reasons stated above, Defendant's Motion to Dismiss (Doc. 13) is GRANTED. Plaintiff's failure to accommodate and FMLA claims are dismissed without prejudice. Plaintiff's § 1981, § 1983, Title VII, and VESSA claims are dismissed with prejudice. Plaintiff may file an amended complaint within 21 days of this Order with respect to her failure to accommodate and FMLA claims only.

ENTER: March 14, 2024

COLLEEN R. LAWLESS
UNITED STATES DISTRICT JUDGE