IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| DYNETTA COLE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 22-cv-3248 |
| ) | |
| ILLINOIS DEPARTMENT OF ) | |
| HEALTHCARE AND FAMILY ) | |
| SERVICES, ) | |
| ) | |
| Defendant. ) | |

OPINION

**COLLEEN R. LAWLESS, U.S. District Judge:**

Before the Court is Defendant Illinois Department of Healthcare and Family Services ("IDHFS") Motion to Dismiss. (Doc. 23).

I.   **FACTUAL BACKGROUND**[1]

Dynetta Cole suffers from a variety of medical and mental health problems which she alleges substantially affect her ability to perform major life activities. (Doc. 20 at pp. 3,4). As a result, she requested an accommodation from her employer, IDHFS, pursuant to the Family Medical Leave Act ("FMLA"). (*Id.* at 3). Specifically, during the COVID-19 pandemic, she requested to work from home and asked that a laptop be provided to her. (*Id.* at 5). She was informed that the department did not have the resources to provide her

---

[1] The Amended Complaint supersedes the prior complaint and renders those allegations void. *See Flannery v. Recording Industry Ass'n of America*, 354 F.3d 632, 638 n.1 (7th Cir. 2004); *Fuhrer v. Fuhrer*, 292 F.2d 140, 144 (7th Cir. 1961) (indicating that, upon the filing of an amended pleading, the "prior pleading is in effect withdrawn as to all matters not restated in the amended pleading and becomes functus officio"). Therefore, the factual background in this case is only drawn from the Amended Complaint.

with a laptop, despite other employees receiving laptops and being allowed to work from home. (*Id.* at 5). Within five days of returning to work, Cole tested positive for COVID-19. (*Id.* at 5). To date, she alleges she still suffers from complications as a result of contracting COVID-19. (*Id.* at 6). IDHFS has not provided her with any time off or reasonable work accommodations in response to her new health issues. (*Id.*).

Additionally, Cole asserts that she was forced to work without pay. (*Id.* at 7). Specifically, during one shift in 2019, her supervisors placed her on a "working day suspension," which required her to work without pay, or face termination. (*Id.*).

## II.    PROCEDURAL BACKGROUND

On November 18, 2022, Cole filed her *pro se* Complaint using a pre-printed form whereby she checked boxes indicating IDHFS discriminated against her based upon her disabilities under the Americans with Disabilities Act ("ADA"); national origin under Title VII, race under Title VII and § 1981, use of leave protected by the Family Medical Leave Act ("FMLA"); absences protected by Illinois' Victim Economic Security and Safety Act ("VESSA"); and § 1983. (Doc. 1). On March 31, 2023, IDHFS filed a Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6). In an Order entered on March 14, 2024, the Court dismissed all claims but granted Cole leave to refile an amended complaint on the ADA failure to accommodate and FMLA claims. All other claims were dismissed with prejudice. (Doc. 18).

On April 3, 2024, Cole filed her Amended Complaint against IDHFS alleging violation of the FMLA; failure to accommodate pursuant to the ADA; and Forced Labor and Peonage. (Doc. 20). On May 20, 2024, IDHFS filed a Motion to Dismiss pursuant to

Rule 12(b)(6). (Doc. 23). After receiving multiple extensions from the Court, Plaintiff filed her response to IDHFS's Motion to Dismiss on October 24, 2024. (Doc. 31). Subsequently, Plaintiff was granted leave to file additional documents entitled "Short Snapshot of Timeline and Attachments." (Doc. 35).

### III.   LEGAL STANDARD

A motion under Rule 12(b)(6) challenges the sufficiency of the complaint. *See Christensen v. Cnty. of Boone, Ill.*, 483 F.3d 454, 458 (7th Cir. 2007). The court construes the complaint in the light most favorable to the plaintiff, accepting all well-pleaded allegations in the complaint as true and construing all reasonable inferences in plaintiff's favor. *Id.* at 458. Further, the court accepts as true the allegations in plaintiff's response brief and attachments to the extent that they are consistent with the complaint. *Heng v. Heavner, Beyers & Mihlar, LLC*, 849 F.3d 348, 354 (7th Cir. 2017). *See also Thompson v. Ill. Dep't of Prof. Reg.*, 300 F.3d 750, 753 (7th Cir. 2002) (on a Rule 12(b)(6) motion, the pleadings "consist generally of the complaint, any exhibits attached thereto, and supporting briefs.") (citing Fed. R. Civ. P. 10(c)).

To state a claim for relief, a plaintiff need only provide a short and plain statement of the claim showing he is entitled to relief and giving defendants fair notice of the claims. *Maddox v. Love*, 655 F.3d 709, 718 (7th Cir. 2011). However, the complaint must set forth facts that plausibly demonstrate a claim for relief. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007). A plausible claim is one that alleges factual content from which the court can reasonably infer that defendants are liable for the misconduct alleged. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Furthermore, "[a] document filed pro se is 'to be

liberally construed,' and a 'pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers[.]'" *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S.Ct. 2197 (2007) (*quoting Estelle v. Gamble*, 429 U.S. 97, 106, 97 S.Ct. 285 (1976)).

## IV.   ANALYSIS

IDHFS moves for dismissal, arguing: (1) Cole's FMLA claim is barred pursuant to the 2-year statute of limitations; (2) Cole's FMLA claim fails to state a claim upon which relief may be granted; (3) Cole's failure to accommodate should be dismissed because she has failed to show that she has a disability; and (4) Cole's forced Labor and Peonage claim fails to state a claim upon which relief may be granted.

### A. FAILURE TO STATE FMLA CLAIM

Under the FMLA, "an eligible employee shall be entitled to a total of 12 workweeks of leave during any 12-month period for one or more [situations]," including, *inter alia*, "a serious health condition that makes the employee unable to perform the functions of the[ir] position." 29 U.S.C. § 2612(a)(1), (a)(1)(D). An employee of an FMLA-qualified employer may bring an action if the employer violates 29 U.S.C. § 2615. 29 U.S.C. § 2617(a)(1). Section 2615 provides that "[i]t shall be unlawful for any employer to interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided under this subchapter." *Id.* § 2615(a)(1).

The FMLA "makes it unlawful for an employer to retaliate against an employee who exercises his FMLA rights." *Carter v. Chi. State Univ.*, 778 F.3d 651, 657 (7th Cir. 2015) (citing 29 U.S.C. § 2615(a)(2), (b)). The court evaluates "a claim of FMLA retaliation in the

same manner that [it] would evaluate a claim of retaliation under other employment statutes, such as the ADA or Title VII." *Burnett v. LFW Inc.*, 472 F.3d 471, 481 (7th Cir. 2006). To state an FMLA retaliation claim, a plaintiff must allege facts sufficient to show that: "(1) [she] engaged in a protected activity; (2) [her] employer took an adverse employment action against [her]; and (3) there is a causal connection between the protected activity and the adverse employment action." *Pagel v. TIN, Inc.*, 695 F.3d 622, 631 (7th Cir. 2012).[2]

Cole's Amended Complaint itself sheds little light on her potential FMLA claim. She merely states that the paperwork was difficult to understand and that IDHFS did not conduct the FMLA process correctly. (Doc. 20 at 3). If this were all that Cole provided to the court in her pleadings, IDHFS' contention that Cole's FMLA claim should be dismissed would prevail. However, Cole also a submitted a Response to the Motion to Dismiss and several exhibits to accompany her Response. (Docs. 31, 33).

Here, Cole asserts that she was harassed by IDHFS employees when she attempted to provide medical documentation regarding the FMLA time that she used. (Doc. 31 at 4). Further, she claims that due to her attempts to provide the documentation necessary to avail herself of FMLA leave, she received "write up and Corrective Actions, Progressive Actions, Affirmative and Disciplinary on a daily basis…". (*Id.*). Therefore, Cole's allegations are sufficient to allege a FMLA retaliation claim.

---

[2] FMLA interference claims "only require[ ] the employee to prove that the employer denied [her] entitlements provided by the Act." *Pagel v. TIN Inc.*, 695 F.3d 622, 626 (7th Cir. 2012). Cole does not assert that she was not afforded FMLA leave. In fact, it appears she received FMLA leave for multiple years.

## B. FMLA TIMELINESS

IDHFS argues that Cole's FMLA claim is time barred. "The period of limitations is an affirmative defense." *Richards v. Mitcheff,* 696 F.3d 635, 637 (7th Cir.2012), citing Fed. R. Civ. P. 8(c)(1). "[A]lthough a plaintiff need not anticipate or overcome affirmative defenses such as those based on the statute of limitations, if a plaintiff alleges facts sufficient to establish a statute of limitations defense, the district court may dismiss the complaint on that ground." *O'Gorman v. City of Chicago,* 777 F.3d 885, 889 (7th Cir.2015). Specifically, "on the subject of the statute of limitations[,] ... a complaint must plead ... enough to show that the claim for relief is plausible." *Richards,* 696 F.3d at 637.

A plaintiff must bring an FMLA claim "not later than 2 years after the date of the last event constituting the alleged violation for which the action is brought. 29 U.S.C. 2617(c)(1). However § 2617(c)(2), extends the period to 3 years '[i]n the case of such action brought for a willful violation' of the statute. 29 U.S.C. § 2617(c)(2). This time limit initiates on the "date of the last event constituting the alleged violation for which such action is brought." *Id.*

Cole filed her original complaint on November 18, 2022. The only date even mentioned with respect to FMLA in the Complaint and Amended Complaint is April 14, 2018, well before both the 2-year and 3-year statute of limitations. However, in an exhibit attached to her Response to the Motion to Dismiss, Cole provided a "Short Snap Shot Timeline." This timeline starts on April 14, 2018, the date of the domestic violence incident. (*Id.* at 1). Several specific timeline entries follow from the first entry through May 20, 2020. (*Id.* at 1-4). The timeline ends with a less specific single year entries for the

rest of 2020 and 2021 through 2024. (*Id.* at 5). The general entries reference the process of providing FMLA documentation to IDHFS. Based on Cole's claims of retaliation or interference with her FMLA rights into at least 2021, her November 2022 Complaint does not fall outside of even the stricter 2-year state of limitation at this stage in the proceedings.

### C. ADA FAILURE TO ACCOMMODATE

"The ADA is designed to prohibit discrimination against employees whose disabilities have no bearing on their ability to perform a given job, but also to ensure employment opportunities for disabled persons who are otherwise qualified for a job, but as a result of a disability are unable [to] perform the job's essential functions without reasonable accommodations." *Brumfield v. City of Chi.*, 735 F.3d 619, 632 (7th Cir. 2013). To state a failure-to-accommodate claim under the ADA, a plaintiff must adequately plead: (1) that they are a qualified individual with a disability; (2) their employer was aware of the disability; (3) and the employer failed to reasonably accommodate the disability. *Id.* at 631.

IDHFS asserts Cole's claim fails at the first prong of the test because she is not an individual with a disability within the meaning of the ADA. In order to establish that one has a disability, a plaintiff must have: "(a) a physical or mental impairment that substantially limits one or more of the major life activities of [an] individual; (b) a record of such an impairment; or (c) being regarded as having such an impairment." *E.E.O.C. v. AutoZone, Inc.*, 630 F.3d 635, 639 (7th Cir.2010); 42 U.S.C. § 12102(1). Major life activities include concentrating, thinking and communicating. 42 U.S.C. § 12102(2)(A).

Cole states that she suffers from depressive disorder, panic disorder, post-traumatic stress disorder, insomnia due to mental disorder, diabetes, anxiety, high blood pressure, pseudo seizures, severe migraines, sinusitis, sleep apnea disorder, concussion, IBS, dental issues, loss of feeling on side of jaw, and bleeding issues. However, just as with her original Complaint, Cole does not show how any of her conditions or combination of conditions "substantially limits the ability of an individual to perform a major life activity as compared to most people in the general population." 29 C.F.R. § 1630.2(j)(1)(ii). While she did attach multiple articles on the various conditions for which she is diagnosed, the articles are insufficient to show how her conditions affect her in the context of her claim.

### D. FORCED LABOR AND PEONAGE

Cole's final claim alleges that IDHFS forced her to work without pay in violation of 18 U.S.C. 1589. Section 1589 was enacted as part of the Trafficking Victims Protection Act of 2000 ("TVPA"), Pub. L. No. 106-386, 114 Stat. 1464. Congress enacted the Forced Labor statute as part of the TVPA, with the specific intent to "combat trafficking in persons, a contemporary manifestation of slavery whose victims are predominantly women and children, to ensure just and effective punishment of traffickers, and to protect their victims." 22 U.S.C. § 7101(a). Section 1589 was intended to address the Supreme Court's narrow interpretation of the involuntary servitude statute in *United States v. Kozminski*, 487 U.S. 931 (1988)." *Taylor v. Salvation Army National* Corporation, 110 F.4th 1017, 1030 (110 F. 4th 2024). Specifically Congress wanted to "combat severe forms of

worker exploitation that do not rise to the level of involuntary servitude as defined in *Kozminski.*" *Id. citing* H.R. Rep. 106-939, at 101.

This statute provides for criminal penalties, but 18 U.S.C. § 1595(a) also provides that a victim may bring a civil action for damages and attorney's fees against "the perpetrator (or whoever knowingly benefits, financially or by receiving anything of value from participation in a venture which that person knew or should have known has engaged in an act in violation of this chapter)." According to the TVPA, "[t]he term 'serious harm' means any harm, whether physical or nonphysical, including psychological, financial, or reputational harm, that is sufficiently serious, under all the surrounding circumstances, to compel a reasonable person of the same background and in the same circumstances to perform or to continue performing labor or services in order to avoid incurring that harm." 18 U.S.C. § 1589(c)(2).

Cole states she was told by superiors at IDFHS to work without pay. (Doc. 20 at 7). According to Cole, her supervisors indicated that she had to perform the duties or be terminated. (*Id.* at 8). She gave a few examples including working a lunch hour without pay and that IDHFS did not code some days as being worked, when she in fact worked from home. (*Id.*). Cole further states that she was afraid that serious harm would come to her if she did not comply, and she was turned into a slave and had to provide involuntary servitude. (*Id.* at 7-8). Although Cole used terminology in her Amended Complaint that might be evoke application of the TVPA, the purpose and the overall context in which Section 1589 was enacted are remote from IDHFS' actions as alleged in the Amended Complaint. Such claims are more appropriately addressed with other statues. Therefore,

Cole's allegations do not trigger liability under Section 1589 because she does not plead a severe form of worker exploitation. Therefore, Cole's Forced Labor claim is dismissed.

V.   **CONCLUSION**

For the reasons stated above, IDHFS's Motion to Dismiss (Doc. 23) is DENIED as to Count 1 and GRANTED as to Counts 2 and 3. Cole's Count 3 forced labor claim is dismissed with prejudice. Cole's Count 2 failure to accommodate claim is dismissed without prejudice with leave for Cole to an amended complaint within 21 days of this Order.

ENTER: March 31, 2025

                                                                        _____
                                                                        COLLEEN R. LAWLESS
                                                                        UNITED STATES DISTRICT JUDGE